UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO. _____

SUMMER HINDLE,

      Plaintiff,

v.

CHAMPION HOME BUILDERS, INC.,

      Defendant.

_____ /

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant, CHAMPION HOME BUILDERS, INC. ("Champion" or "Defendant"), hereby provides notice that it is removing this action for all further proceedings to the United States District Court for the Northern District of Florida, from the Circuit Court of the Second Judicial Circuit in and for Wakulla County, Florida. In support, Defendant states as follows:

### I.    TIMELINESS OF REMOVAL

1. On or about December 15, 2025, Plaintiff Summer Hindle filed a lawsuit against Champion in the Circuit Court of the Second Judicial Circuit in and for Wakulla County, Florida, bearing Case Number 2025-CA-167 (hereinafter, the "State Action").

2. Champion was served with summons on January 23, 2026.

3.      Accordingly, Champion is filing this Notice of Removal within 30 days after the January 23, 2026, effective date of service of process, as required by 28 U.S.C. § 1446(b).

4.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Action are attached hereto as **Exhibit A**.

5.      No other process, pleadings, or orders have been served on Champion in the State Action other than those included in Exhibit A.

6.      The Complaint purports to bring the following claim against Champion: (1) gender discrimination brought under the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01, *et seq*.; and (2) retaliation brought under the FCRA. *See* **Ex. A**, Pl. Compl.

7.      Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Champion's rights to assert any defense or affirmative matter.

## II.   GROUNDS FOR REMOVAL

8.      This action is removable through application of 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**A.      There is Complete Diversity of Citizenship.**

9.      Plaintiff is a resident of Florida and is a citizen of Florida for diversity purposes. *See* Ex. A., Pl.'s Compl. ¶ 3.

10.      Pursuant to 28 U.S.C. § 1332(c)(1), for the purposes of determining diversity of citizenship, a corporation is deemed to be a citizen of the State where it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *MacGinnitie v. Hobbs Group LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). Champion is incorporated in the State of Delaware. **Exhibit B**, Declaration of Scott Collins, ¶ 3. Champion's principal place of business is located in Troy, Michigan. *Id.* at ¶ 4. Therefore, Champion is a citizen of Delaware and Michigan for purposes of determining diversity of citizenship.

11.      Therefore, there is complete diversity of citizenship between Plaintiff, a citizen of Florida, and Champion, a citizen of Delaware and Michigan.

**B.      The Amount in Controversy Exceeds $75,000.**

12.      Plaintiff's Complaint states "[t]his action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest." *See* **Ex. A**, Pl.'s Compl., ¶ 2.

13. Plaintiff's Complaint seeks an unspecified amount of damages for various categories of alleged losses and injuries, including "emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits." *See* **Ex. A**, Pl.'s Compl. ¶ 38. Plaintiff additionally seeks damages for "all legally-available general and compensatory damages and economic loss … attorney's fees and costs … interest … other further relief being just and proper." *Id.* at Prayer for Relief Section following Count II.

14. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, on January 26, 2026, prior to filing this Notice of Removal, the undersigned counsel wrote to counsel of record for Plaintiff, Marie Mattox, and asked her if Plaintiff "stipulates that the amount in controversy and/or the amount that she is seeking and will accept in this lawsuit does not exceed $74,999.99, including all monetary recovery (including attorneys' fees), but excluding interest and costs." A copy of Champion's stipulation request letter is attached hereto as **Exhibit C**. The undersigned counsel further advised that "[i]f Plaintiff does not so stipulate, then Champion will remove this case to federal court." *Id.* Ms. Mattox and defense counsel have spoken about her possibly dismissing or withdrawing from this case. However, Ms. Mattox has not responded to the undersigned counsel's request for stipulation concerning the

4

amount in controversy in this case.  The undersigned understands that Ms. Mattox has not been able to contact Plaintiff.

15.    In any event, the law is clear that if an amount for damages has not been explicitly pled, as is the case here, the removing party must prove merely "by a *preponderance of the evidence* that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 1996) (emphasis added); *see also* 28 U.S.C. § 1446(c)(2)(B) ("removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(A)"). As such, the issue is whether – more likely than not – the amount in controversy exceeds $75,000.

16.    The Eleventh Circuit has held that this "lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1997). Importantly, "[t]he point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754; *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (explaining that the key is not "how much the plaintiffs are ultimately likely to recover," but "how much will be put at issue during the

litigation"). In determining whether jurisdiction exists, the district court may use, under Fed. R. Civ. P. 8, its "judicial experience and common sense" to conclude that the dispute satisfies the jurisdictional amount. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216-17 (11th Cir. 2007). "A party may offer specific factual allegations addressing jurisdiction supported by evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka*, 608 F.3d at 773.

17.    Here, the amount in controversy – more likely than not – exceeds $75,000. First, as stated above, Plaintiff's Complaint states "[t]his action involves claims … in excess of Fifty Thousand Dollars ($50,000.00)."

18.    Additionally, the amount of Plaintiff's alleged back pay through trial, by themselves, meets the jurisdictional requirement. Specifically, the amount of back pay at issue can be determined by evaluating Plaintiff's salary on the date of her alleged discharge. *See, e.g., Kok v. Kadant Black Clawson, Inc.*, 274 Fed. App'x 856, 857 (11th Cir. 2008) (holding that a W-2 and affidavit was sufficient to calculate back pay from the date of Plaintiff's termination up to trial).

19.    Plaintiff's last date of employment with Champion was November 14, 2024. *See* **Ex. A**, Pl.'s Compl. ¶ 20; *see also* **Ex. B**, Decl. of Scott Collins at ¶ 5. Because Plaintiff's rate of pay at the time of her termination was $25.75/hour working approximately 40 hours per week, Plaintiff presumably has already incurred almost $67,000.00 in alleged lost wages since her employment ended approximately

6

65 weeks ago ($25.75/hour times 40 hours a week times 65 weeks since termination equals $66,950).

20.    The $67,000 figure, by itself, almost exceeds the amount in controversy limit of $75,000.

21.    Additionally, Plaintiff will incur over $75,000 in alleged lost wages for back pay by April 10, 2026, 73 weeks after her termination. If this case were to proceed to trial, it would be after April 10, 2026, and thus, Plaintiff's alleged back pay through trial – by themselves, meets the jurisdictional requirement.

22.    This amount does not include Plaintiff's requested front pay damages, compensatory damages, attorney's fees, interest, and all other damages available under the FCRA. *See* **Ex. A,** Pl.'s Compl. ¶38 and the following Prayer for Relief section.

23.    Further, Plaintiff seeks an unspecified amount of compensatory damages. *See* **Ex. A,** Pl.'s Compl. ¶ 38 and the following Prayer for Relief section. Compensatory damages under the FCRA are uncapped and unlimited. *See* Fla. Stat. § 760.11(5). There is also no legal certainty at this time that Plaintiff will be unable to recover such damages. *See, e.g., Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348 (affirming $150,000 compensatory damages jury award in an employment discrimination FCRA case); *Hill v. Xerox Corp.*, 998 F. Supp. 1378, 1384 (N.D. Fla. 1998) (upholding a jury award of $457,000 for emotional distress damages for

violation of the FCRA). Accordingly, the possibility of a significant compensatory damage award in addition to Plaintiff's claims for back and front pay, plainly pushes the amount in controversy well over the $75,000 threshold.

24.    Plaintiff's Complaint also seeks money for punitive damages. *See* **Ex. A.**, Pl.'s Compl. ¶ 45. Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases. *Holley Equip. Co. v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir. 1987). Moreover, a claim of punitive damages in excess of the jurisdictional minimum is sufficient to confer jurisdiction, unless it is apparent to a legal certainty that punitive damages in the amount to confer jurisdiction could not be recovered. *Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that amount in controversy requirement for federal jurisdiction may be satisfied by demand for punitive damages if it is possible under state law for jury to award jurisdictional amount). Here, Plaintiff is claiming entitlement to punitive damages but has not articulated an amount in her Complaint. Notably, punitive damages are available to Plaintiff under the FCRA in an amount up to $100,000.00 – an amount, standing alone, that exceeds the jurisdictional minimum. *See* Fla. Stat. § 760.11(5). At this stage of the case, there is no legal certainty that Plaintiff will be unable to recover those damages, and the jurisdictional minimum is therefore satisfied.

25.    Finally, the amount in controversy also includes a Plaintiff's attorneys' fees when a statutory cause of action entitles a party to them. *See, e.g., Field v. Nat'l Life Ins. Co.,* No. 8:00-CV-989-T-24TBM, 2001 WL 77101, at *4 (M.D. Fla. Jan. 22, 2001). This Court is well aware that attorneys' fees in employment cases alone will often exceed the jurisdictional threshold of $75,000.00. *See, e.g., Mock v. Bell Helicopter Textron, Inc.*, No. 6:04-CV-1415, 2010 WL 5066121 (M.D. Fla. Sept. 3, 2010) (awarding plaintiff $342,207.81 in attorneys' fees in age discrimination case); *EEOC v. Enterprise Leasing Co., Inc.*, No. 8:00-CV-2012-T-24-EAD, 2003 WL 21659097, at * 8 (M.D. Fla. May 16, 2003) (intervening attorney was awarded $77,165.00 for work performed in a non-complex case by lead counsel even after reducing lead counsel's hourly rate, the number of hours billed, and adjusting the lodestar).

26.    As a result, it is clear that Plaintiff is seeking damages that, at the time of trial (especially when including amounts for front pay, compensatory damages, attorney's fees, interest, punitive damages, and all other damages available under the FCRA), easily push the amount in controversy well beyond the $75,000 requirement. *See Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (Eleventh Circuit precedent "permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable") (internal citations omitted).

27. Based on all of the above, the amount in controversy clearly exceeds $75,000.

### III.   NOTICE PROVIDED TO STATE COURT

28. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for the Second Judicial Circuit, in and for Wakulla County, Florida. A copy of Champion's notice to the State Court is attached hereto as **Exhibit D.**

### IV.   VENUE

29. Venue is proper in the United States District Court for the Northern District of Florida, Tallahassee Division, because the case is being removed from the Second Judicial Circuit in and for Wakulla County, Florida. *See* 28 U.S.C. §§ 1441(a), 1446(a).

### V.   CONSENT OF OTHER DEFENDANTS

30. The only defendant that has been named or served in this action is Champion. Therefore, there are no other defendants who would need to join in or consent to this Notice of Removal.

### VI.   CONCLUSION

31. Accordingly, this case is being properly removed to the United States District Court for the Northern District of Florida. Champion respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and

process to remove it from the Circuit Court for the Second Judicial Circuit in and for Wakulla County, Florida to the United States District Court for the Northern District of Florida.

Dated: February 13, 2026

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Two Datran Center
9130 S. Dadeland Boulevard, Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456

*s/ Christian Lanzas*
Michael D. Mitchell
Florida Bar No. 1011056
michael.mitchell@ogletree.com
Chris A. Lanzas
Florida Bar No. 1048754
christian.lanzas@ogletreedeakins.com

*Counsel for Defendant*

11

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Christian Lanzas*
Chris A. Lanzas

## **SERVICE LIST**
*Summer Hindle v. Champion Home Builders, Inc.*
United States District Court for the Northern District of Florida
Case No.  _____

Marie A. Mattox
Marie@mattoxlaw.com
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone: 850-383-4800

*Counsel for Plaintiff*

Method of Service: CM/ECF

Michael D. Mitchell
michael.mitchell@ogletree.com
Chris A. Lanzas
christian.lanzas@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Blvd., Suite 1625
Miami, FL 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant*

13

95479735.v1-OGLETREE